**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMARJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-70186<br><br>Agency No. A075-259-435<br><br>MEMORANDUM* |
| AMARJIT SINGH,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 12-72450<br><br>Agency No. A075-259-435 |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted November 21, 2014[**]
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District Judge.[***]

**1.** Substantial evidence supports the BIA's conclusion that country conditions have fundamentally changed in India. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(A), 1208.16(b)(1)(i)(A); *Singh v. Holder*, 753 F.3d 826, 830–33 (9th Cir. 2014) (describing fundamentally changed conditions in India). The BIA examined numerous country conditions reports including documents from the State Department, U.S. Citizenship and Immigration Services, the United Kingdom Home Office Border Agency, and the Immigration and Refugee Board of Canada. These documents provide substantial evidence supporting the BIA's finding that the treatment of Sikhs has changed "dramatically." Contrary to Amarjit Singh's contentions, the BIA conducted the required individualized analysis. *See Borja v. INS*, 175 F.3d 732, 738 (9th Cir. 1999) (en banc); *Singh*, 753 F.3d at 834. The BIA found that Singh was not a high-level militant and that the

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

fundamentally changed country conditions have rendered safe those in his situation.

Substantial evidence also supports the finding that Singh could reasonably relocate within India. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B), 1208.16(b)(1)(i)(B). The BIA conducted a proper, individualized analysis, focusing on Singh's situation and his past persecution at the hands of local police in Haryana. The BIA found that the local police would have believed Singh was at most a low-level Sikh militant; that Sikhs, including low-level ex-militants, are able to move safely throughout the country; and that the police in Singh's home state are unlikely to travel throughout the country looking for him if he returns. The BIA also found that tenant-registration drives are unlikely to affect Singh's safety in India. Nothing in the record "compels" us to find otherwise. *See Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

In sum, substantial evidence supports the BIA's finding that the government rebutted the presumption that Singh has a well-founded fear of future persecution. Consequently, substantial evidence supports the BIA's denial of asylum, withholding of removal, and protection under the Convention Against Torture. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288–89 (9th Cir. 2008).

**2.** Singh was not deprived of the opportunity to testify in violation of his due process rights. He was given ample opportunity to submit documents and could have requested to testify. His tactical choice not to testify when he thought the Immigration Judge was going to award asylum did not render the proceedings "fundamentally unfair." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011).

**3.** The BIA did not abuse its discretion in denying Singh's motion to reopen. *See Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). Singh failed to demonstrate that the evidence he hoped to submit was either new or previously unavailable. *Cf. Oyeniran v. Holder*, 672 F.3d 800, 808 (9th Cir. 2012). The BIA did not abuse its discretion in finding even the newer pieces of evidence cumulative or non-material.

**PETITION DENIED.**